UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>                    Interpleader Plaintiff,<br><br>              -against-<br><br>TRI-LINE CONTRACTING CORP.; JOSE VELAZQUEZ; APG ENERGY & SECURITY SOLUTIONS; ARCHITECTURAL FLOORING RESOURCES, INC.; ASBESTOLITH MANUFACTURING CORP.; BERJEN METAL INDUSTRIES, LTD.; CASTLE RESTORATION & CONSTRUCTION, INC.; COSMOPOLITAN DECORATING CO., INC.; DFB SALES, INC.; FOREST ELECTRIC; HI-TECH DATA FLOORS, INC.; HOLLER METAL FABRICATORS, INC.; MODERN OFFICE SYSTEMS, LLC; RITE-WAY INTERNAL REMOVAL, INC.; NYC SPRINKLER SYSTEMS CORP.; P & P MECHANICAL, INC.; PAR PLUMBING CO.; S&J ENTRANCE & WINDOW SPECIALISTS, INC.; SHELBOURNE CONSTRUCTION CORP.; TANGENT CONSTRUCTION; TECHNO ACOUSTICS, HOLDINGS, LLC; V.A.M.E. IRON WORKS CORP.; and DOES 1 through 20,<br><br>                    Interpleader Defendants. | **ANSWER TO COUNTERCLAIM**<br><br>Civil Action No. 11-CV-7178 (TPG) |

    Interpleader Plaintiff, JPMorgan Chase Bank, National Association ("JPMC"), by its attorneys, Paul Hastings, LLP, answering the counterclaim asserted by Interpleader Defendant DFB Sales, Inc. ("DFB") dated November 21, 2011 (the "Counterclaim"), alleges as follows:

LEGAL_US_E # 95824468.4

## AS AND FOR DFB'S COUNTERCLAIM
## AGAINST INTERPLEADER PLAINTIFF

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Counterclaim.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Counterclaim.

3. Upon information and belief, admits the allegations in paragraph 39 of the Counterclaim, except states upon information and belief that Tri-Line is not actively conducting business.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Counterclaim.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaim.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Counterclaim.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Counterclaim.

8. Denies the allegations of paragraph 44 of the Counterclaim.

9. Denies the allegations of paragraph 45 of the Counterclaim.

## AS TO COUNT ONE

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaim.

11. Denies the allegations of paragraph 47 of the Counterclaim.

12. Denies the allegations of paragraph 48 of the Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. DFB's Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. To the extent DFB's Counterclaim is based on breach of contract, it is barred due to lack of privity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

15. DFB's Counterclaim is barred because JPMC performed in accordance with its obligations with respect to the subject matter of this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

16. DFB's Counterclaim is barred because JPMC was not the cause of DFB's alleged damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

17. DFB's Counterclaim for unjust enrichment is barred by the existence of contract(s) covering the same subject matter as the Counterclaim.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

18. To the extent any retainage funds deposited with the court are insufficient to satisfy all claims in this action, DFB's relief is limited to its pro-rata share of the deposited funds.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

19. JPMC hereby gives notice that it intends to rely upon such other defenses as may become available or apparent, and thus reserves the right to amend this Answer to assert such defenses.

WHEREFORE, JPMC respectfully demands judgment dismissing the Counterclaim, and granting such other and further relief as to the Court may seem just and proper.

Dated:   New York, New York
         December 19, 2011

PAUL HASTINGS, LLP

By: /s/ Jodi Kleinick
    Jodi Kleinick
*Attorneys for Interpleader Plaintiff*
75 East 55th Street
New York, NY 10022
(212) 318-6000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2011, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    /s/ Jodi Kleinick
    Jodi Kleinick

LEGAL_US_E # 95824468.4