UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>        Interpleader Plaintiff,<br><br>        -against-<br><br>TRI-LINE CONTRACTING CORP.; JOSE VELAZQUEZ; APG ENERGY & SECURITY SOLUTIONS; ARCHITECTURAL FLOORING RESOURCES, INC.; ASBESTOLITH MANUFACTURING CORP.; BERJEN METAL INDUSTRIES, LTD.; CASTLE RESTORATION & CONSTRUCTION, INC.; COSMOPOLITAN DECORATING CO., INC.; DFB SALES, INC.; FOREST ELECTRIC; HI-TECH DATA FLOORS, INC.; HOLLER METAL FABRICATORS, INC.; MODERN OFFICE SYSTEMS, LLC; RITE-WAY INTERNAL REMOVAL, INC.; NYC SPRINKLER SYSTEMS CORP.; P & P MECHANICAL, INC.; PAR PLUMBING CO.; S&J ENTRANCE & WINDOW SPECIALISTS, INC.; SHELBOURNE CONSTRUCTION CORP.; TANGENT CONSTRUCTION; TECHNO ACOUSTICS, HOLDINGS, LLC; V.A.M.E. IRON WORKS CORP.; and DOES 1 through 20,<br><br>        Interpleader Defendants. | **ANSWER TO COUNTERCLAIM**<br><br>Civil Action No. 11-CV-7178 (TPG) |

Interpleader Plaintiff, JPMorgan Chase Bank, National Association ("JPMC"), by its attorneys, Paul Hastings, LLP, answering the counterclaim asserted by Interpleader Defendant Castle Restoration and Construction, Inc. ("Castle") dated December 12, 2011 (the "Counterclaim"), alleges as follows:

### AS AND FOR CASTLE'S FIRST COUNTERCLAIM AGAINST JPMC

LEGAL_US_E # 96277955.1

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Counterclaim.

2. Upon information and belief, admits the allegations in paragraph 14 of the Counterclaim, except states upon information and belief that Tri-Line is not actively conducting business.

3. Admits the allegations in paragraph 15 of the Counterclaim.

4. Admits the allegations in paragraph 16 of the Counterclaim.

5. Admits the allegations in paragraph 17 of the Counterclaim, and respectfully refers the Court to the agreements referred to in that paragraph for a true and complete statement of their contents.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaim.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaim.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Counterclaim.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Counterclaim.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Counterclaim.

11. Denies the allegations in paragraph 23 of the Counterclaim.

12. States that the allegations in paragraph 24 of the Counterclaim constitute Castle's requests for relief and conclusions of law as to which no responsive pleading is required.

13. States that the allegations in paragraph 25 of the Counterclaim constitute Castle's requests for relief and conclusions of law as to which no responsive pleading is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Castle's Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Castle's Counterclaim is barred because JPMC and Castle are not in privity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Castle's Counterclaim is barred because JPMC performed in accordance with its obligations with respect to the subject matter of this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Castle's Counterclaim is barred because JPMC was not the cause of Castle's alleged damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. To the extent any retainage funds deposited with the court are insufficient to satisfy all claims in this action, Castle's relief is limited to its pro-rata share of the deposited funds.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. To the extent the Counterclaim alleges unjust enrichment or quantum meruit, it is barred by the existence of contract(s) covering the same subject matter as the Counterclaim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. JPMC hereby gives notice that it intends to rely upon such other defenses as may become available or apparent, and thus reserves the right to amend this Answer to assert such defenses.

WHEREFORE, JPMC respectfully demands judgment dismissing the Counterclaim, and granting such other and further relief as to the Court may seem just and proper.

Dated:   New York, New York
         January 3, 2011

                              PAUL HASTINGS, LLP

                              By: /s/ Jodi Kleinick
                                    Jodi Kleinick
                              *Attorneys for Interpleader Plaintiff*
                              75 East 55th Street
                              New York, NY 10022
                              (212) 318-6000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

   /s/ Jodi Kleinick
Jodi Kleinick